**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

# 04  12 02 7 NMG

|  |  |  |
|---|---|---|
| Judy A. (Kinney) Martin | ) | |
| Plaintiff | ) | Docket No: |
| vs. | ) | MAGISTRATE JUDGE *Alexander* |
| Stericycle, Inc., and | ) | RECEIPT # _58811_ |
| Scherer Healthcare, Inc. d/b/a Bio Systems | ) | AMOUNT $.150 |
| | ) | SUMMONS ISSUED _yes_ |
| Defendants | ) | LOCAL RULE 4.1 |
| | ) | WAIVER FORM |
| | | MCF ISSUED |
| | | BY DPTY. CLK. _tom_ |
| | | DATE _9/20/04_ |

**COMPLAINT**

NOW COMES Judy A. Martin and complains against Stericycle, Inc., and Bio Systems, and says as follows:

I.  **PARTIES**

1.  The plaintiff, Judy A. Martin ("Judy Martin"), is a resident of the State of New Hampshire with a mailing and street address of 584 Main Street, Sandown, New Hampshire 03873.  Prior to her marriage on September 6, 2003, she was known as Judy A. Kinney.

2.  Defendant Stericycle, Inc. ("Stericycle") is a Delaware company with a principal place of business and corporate offices located at 28161 North Keith Drive, Lake Forest, Illinois 60045.  Stericycle does business in Massachusetts through a division known as Bio Systems.  Stericycle has in excess of 500 employees.

1

3.     Defendant Scherer Healthcare, Inc. dba Bio Systems ("Bio Systems") is a
Delaware corporation with its corporate headquarters and principal place of
business at 28161 North Keith Drive, Lake Forest, Illinois 60045. Bio Systems
was purchased on January 9, 2003, by Stericycle. Bio Systems has locations in a
number of northeastern and Mid-Atlantic States, including Massachusetts. Bio
Systems' Massachusetts facility is located at 159 Ferry Road, Haverhill,
Massachusetts 01835. At all times following January 9, 2003, Bio Systems has
been operated as a division of Stericycle. Employees of Bio Systems are paid by
Stericycle. Supervisors of Bio Systems employees are Stericycle employees.
Human resource personnel who provide support to Bio Systems employees are
Stericycle employees.

## II.    JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this case pursuant to Title
VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, and
venue is proper in Massachusetts as the location of the Stericycle/Bio Systems
facility at which the alleged acts of discrimination occurred.

## III.    STATEMENT OF FACTS

5.     Judy Martin began working for Bio Systems on November 27, 2002, as a driver at
a facility located at 165 Ferry Road, Haverhill, Massachusetts.

6.     Judy Martin's job entailed loading empty containers into a truck, and driving to
medical facilities to pick up waste containers of used sharp instruments or
"sharps" (such as needles) for disposal by Bio Systems.

7.  Judy Martin's work was satisfactory, and she received no complaints from her supervisors or co-workers about her performance or work attitude.

8.  Judy Martin's immediate supervisor for the entire period she worked at Stericycle/Bio Systems was Joe D'Agata, who had an office located in the warehouse at the Haverhill facility. Rick Salmonsen and Phil Davis were also supervisors or managers for Stericycle/Bio Systems.

Sexual Harassment by Billy Martin and Hostile Environment

9.  Judy Martin had a number of co-workers with similar duties at Bio Systems, including Billy Martin ("Billy Martin").

10. Beginning no later than February, 2003, Judy Martin began to be subjected to ongoing sexual harassment by Billy Martin in a variety of particulars, including:

    a.  Constant demeaning references to Judy Martin as "honey" and "dear;"

    b.  Following Judy Martin around the dock and standing in her truck while she loaded it;

    c.  Frequent unwelcome comments about sexually-related dreams that he had about Judy Martin;

    d.  Frequent unwelcome statements that he would like to kidnap her and engage in sexual activities with her; and

    e.  Frequent unwelcome brushing up against her person.

11.     Judy Martin made clear to Billy Martin that these advances were unwelcome.

12.     On numerous occasions, Judy Martin informed her immediate supervisor, Joe D'Agata ("D'Agata"), about this ongoing conduct. In fact, the ongoing conduct of Billy Martin toward Judy Martin, and its increasing impact on Judy Martin, was well-known throughout the workers at the Haverhill Bio Systems facility.

13.     D'Agata responded on various occasions to Judy Martin's complaints by indicating that he would take care of the situation or talk to Billy Martin about his conduct toward Judy Martin. D'Agata, however, did not take any action to eliminate the sexually harassing behavior, and the conduct continued.

14.     On April 25, 2003, D'Agata assigned Judy Martin to ride in the same truck with Billy Martin. Judy Martin responded that she would not ride with him, because of his conduct toward her. D'Agata reassigned her for the day, but took no further action relating to Billy Martin's continuing harassment.

## Sexual Assault of Judy Martin by Billy Martin

15.     On April 30, 2003, following a meeting with D'Agata and others, Judy Martin was standing at a bulletin board, reviewing her schedule for the next day.

16.     As she was standing there, Billy Martin came up behind her, pressed his body against her, and wrapped his arms around her so that his wrists were on her breasts.

4

17.    Judy Martin pushed him away, walked off, and then immediately reported the
incident to D'Agata. She was crying as she reported the incident, and in obvious
distress.

Stericycle/Bio Systems' Response to the Sexual Harassment.

18.    When Judy Martin complained to D'Agata on a number of occasions regarding
Billy Martin's conduct, he responded  by indicating that he would take care of the
situation or talk to Billy Martin about his conduct. Prior to April 30, 2003,
however, and despite his assurances, D'Agata did not take any action to eliminate
the sexually harassing behavior.

19.    When Judy Martin reported the April 30, 2003 assault to D'Agata, he again told
her he would take care of the situation.

20.    On or about May 1, 2003,  D'Agata informed Judy Martin that he would have
Billy Martin remain in D'Agata's office until Judy Martin had loaded her truck
and left for the day. He also told her at that time to report Billy Martin's behavior
and the inappropriate touching to Phil Davis ("Davis") and Rick Salmonsen
("Salmonsen"), two other members of management at Stericycle/Bio Systems.

21.    Judy Martin reported Billy Martin's behavior to Davis during the first week of
May, 2003. She told him both about the April 30 incident as well as about the
ongoing pattern of Billy Martin's sexual harassment. When she told him about
the harassment, he laughed. He continued to laugh during future conversations
about the situation.

22.    Judy Martin also reported both the April 30 incident and the ongoing pattern of sexual harassment to Salmonsen. He informed her that he would undertake an investigation of the situation and would develop an action plan. He also told her that the corporation would not tolerate this sort of sexual harassment. He told her that a form would be provided to her to fill out and return by May 4; however, no such form was provided to her.

23.    On May 6, Davis presented Judy Martin with a company letter for her signature. The letter was for Billy Martin's signature as well. It purported to resolve the situation by requiring Billy Martin to apologize to Judy Martin for his conduct and to refrain from future contact with her.

24.    Judy Martin refused to sign this letter, and told Davis that this was not a satisfactory resolution of the situation, and that she did not feel that she could continue to work with Billy Martin in the same workplace.

25.    Following the May 6 meeting, Billy Martin's schedule was supposed to be changed so that he would not be in the warehouse at the same time that Judy Martin was present. However, despite the supposed change of schedule, he was still there on occasion both in the mornings when she arrived and in the afternoons when she returned from her routes. And, while Billy Martin did not make actual contact with Judy Martin, he did continue to stare or leer at her from a distance, which made her uncomfortable and which intimidated her.

26.    On May 8, 2003, Area Vice President of Human Resources for Stericycle Marlynn Cohen called Judy Martin about the situation. Judy Martin described the April 30 incident to her, and also informed her both of Billy Martin's ongoing harassment of her as well as of her complaints to D'Agata about the harassment. When Judy Martin told her that she could no longer work in the same area as Billy Martin, Ms. Cohen told her that she was being very unreasonable.

27.    On May 15, 2003, Judy Martin met again with Salmonsen and Davis. She informed them that she could not work with Billy Martin, and that either he had to go or she would have to go.

28.    In a May 19, 2003, telephone call with Ms. Cohen, Judy Martin again reiterated that she could not work with Billy Martin, and that either he would have to go or she would have to go. Judy Martin told her that, despite the supposed scheduling change, Billy Martin was still around her work area because their shifts overlapped, and that this was unacceptable and made her uncomfortable.

29.    In another conversation with Salmonsen and Cohen on May 23, 2003, Judy Martin repeated that she was uncomfortable with Billy Martin around her, and could not continue to work with him. Again, Ms. Cohen told Judy Martin that she was not being reasonable.

30.    On June 2, 2003, Judy Martin filed a complaint based on the above facts against with the Massachusetts Commission Against Discrimination ("MCAD").

31.    On June 12, 2003, Judy Martin resigned from Stericycle/Bio Systems.


The Impact on Judy Martin

32.    Between February, 2003 and June 12, 2003, Judy Martin suffered great

humiliation and emotional distress as a result of Billy Martin's sexual harassment

and Stericycle/Bio Systems handling of her complaints relating to the harassment.

33.    She continues to suffer extreme emotional distress relating to the sexual

harassment and to Stericycle/Bio Systems failure and refusal to put a stop to the

harassment.  She has a diagnosis of Major Depressive Disorder and Post

Traumatic Stress Disorder. She has regular appointments with a counselor and

with a psychiatrist, and takes a number of prescribed medications to counteract

anxiety and depression.  She has been medically unable to work since her

resignation from Stericycle/Bio Systems.  She has suffered weight loss, insomnia,

tearfulness, depression, anxiety, irritability, difficulty concentrating, diminished

interest in significant activities, lack of energy, hopelessness, feelings of isolation,

anhedonia, perseverative thought, poor coping, feelings of worthlessness,

hypervigilance, flashbacks, nightmares, feelings of betrayal, loss of identity and

work role, memory impairment, restlessness, agitation, disorganized thinking,

panic attacks, poor self system, confusion, frustration, mild agoraphobia, paranoia

and a decreased interest in marital relations.

8

The Nature of the Claims

34. Judy Martin asserts each and every count hereafter, to the extent applicable, under both the laws of the United States, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and the laws of the Commonwealth of Massachusetts, M.G.L. c. 151B, § 4 et seq.

**COUNT I - Discrimination Based on Gender – Sexual Harassment (Title VII)**

35. Judy Martin repeats and realleges the allegations of paragraphs 1 through 34 above.

36. Judy Martin, a member of a protected class, was discriminated against based on her gender by Stericycle/Bio Systems in the form of hostile environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. She was subjected to unwelcome sexual harassment based on her gender, consisting of sexual advances and other verbal and physical conduct of a sexual nature, that was sufficiently severe to alter the conditions of employment and to create an abusive work environment. The sexually objectionable conduct to which she was subjected was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive, and Judy Martin perceived it to be so.

37. Stericycle/Bio Systems failed to take reasonable care to prevent or correct the sexual harassment suffered by Judy Martin. Among other things, Stericycle/Bio Systems failed to promulgate, distribute, and enforce an adequate policy against

9

sexual harassment; failed to provide adequate training to its supervisors and

employees; failed to monitor the workplace conduct of its employees; failed to

provide its employees with information relating to the reporting of sexual

harassment both within Stericycle/Bio Systems and to the MCAD; and failed to

adequately investigate and respond to Judy Martin's complaints.

38.    Judy Martin is entitled to and claims the full extent of damages allowed by law for

discrimination based on gender, including past and future loss of income,

healthcare expenses, emotional distress, pain and suffering, attorneys' fees and

costs, compensatory damages and punitive damages.


## COUNT II - Discrimination Based on Gender – Sexual Harassment (M.G.L.c.151B)

39.    Judy Martin repeats and realleges the allegations of paragraphs 1 through 38

above.

40.    Judy Martin, a member of a protected class, was discriminated against based on

her gender by Stericycle/Bio Systems in the form of hostile environment, all in

violation of Massachusetts General Laws, Chapter 151B. She was subjected to

unwelcome sexual harassment based on her gender, consisting of sexual advances

and other verbal and physical conduct of a sexual nature, that was sufficiently

severe to interfere with her work performance by creating an intimidating, hostile,

humiliating or sexually offensive work environment. The sexually objectionable

conduct to which she was subjected was both objectively and subjectively
offensive, such that a reasonable person would find it hostile or abusive and such
that it would interfere with a reasonable person's work performance. Judy Martin
found the conduct objectionable, abusive and offensive.

41. Stericycle/Bio Systems failed to take reasonable care to prevent or correct the
sexual harassment suffered by Judy Martin. Among other things, Stericycle/Bio
Systems failed to promulgate, distribute, and enforce an adequate policy against
sexual harassment; failed to provide adequate training to its supervisors and
employees; failed to monitor the workplace conduct of its employees; failed to
provide its employees with information relating to the reporting of sexual
harassment both within Stericycle/Bio Systems and to the MCAD; and failed to
adequately investigate and respond to Judy Martin's complaints.

42. Judy Martin is entitled to and claims the full extent of damages allowed by law for
discrimination based on gender, including past and future loss of income,
healthcare expenses, emotional distress, pain and suffering, attorneys' fees and
costs, compensatory damages and punitive damages.

## COUNT III – Retaliation (Title VII)

43. Judy Martin repeats and realleges the allegations of paragraphs 1 through 42
above.

11

44.     Judy Martin's right to paid vacation time was described in an agreement between Stericycle/Bio Systems and a union of which Judy Martin was a member. She was to accrue time pursuant to a certain schedule, and then would be allowed to use the accrued time at any time after her anniversary date with Stericycle/Bio Systems.

45.     Despite the fact that the contract called for use of paid vacation time only after one's anniversary date, it was in fact the practice at Stericycle/Bio Systems to allow employees to "borrow" up to one week's vacation time prior to this anniversary date against the time accrued. Other employees were allowed to do so.

46.     Judy Martin acted reasonably and in good faith in complaining to her supervisors of Billy Martin's sexual harassment, and then in bringing a claim before the MCAD.

47.     On June 12, 2003, after having complained of harassment to her supervisors and after having filed a charge of discrimination with the MCAD, Judy Martin requested a week's vacation time for medical purposes.

48.     Judy Martin's request for vacation time was denied, despite the fact that such requests were granted to other employees.

49.     This denial of Judy Martin's request for vacation time for a medical appointment was in retaliation for her having made a claim of sexual harassment, all in violation of Title VII.

12

50.     Judy Martin is entitled to and claims the full extent of damages allowed by law for such retaliation, including compensatory and punitive damages and other damages as more particularly set forth hereinabove.


**COUNT IV – Retaliation (M.G.L.c. 151B)**

51.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 50 above.

52.     The denial of Judy Martin's request for vacation time for a medical appointment, despite the fact that such requests were granted to other employees similarly situated, was in retaliation for her having made a claim of sexual harassment, all in violation of M.G.L.c 151B.

53.     Judy Martin is entitled to and claims the full extent of damages allowed by law for such retaliation, including compensatory and punitive damages and other damages as more particularly set forth hereinabove.


**COUNT V – Discrimination based upon Gender – Disparate Treatment (Title VII)**

54.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 53 above.

55.     Judy Martin was one of the only female drivers employed by Stericycle/Bio Systems.

13

56.    D'Agata, Judy Martin's direct supervisor, stated to another employee on at least one occasion that the "higher-ups" in Stericycle/Bio Systems did not care for Judy Martin because she was a female.

57.    The supervisors and management personnel who were made aware of the sexual harassment of Judy Martin by Billy Martin responded insufficiently to her complaints.

58.    When Judy Martin asked to "borrow" vacation time against what she had accrued, her request was denied, despite that it was normal to grant such requests when made by others.

59.    Ultimately, the hostile environment created by the sexual harassment, combined with the failure of Stericycle/Bio Systems' supervisors and management personnel to respond sufficiently to the harassment, and their retaliation against Judy Martin, resulted in her constructive discharge from Stericycle/Bio Systems.

60.    Upon information and belief, after Judy Martin's resignation, her position was filled by a male driver.

61.    The disparate treatment of Judy Martin was the result of her membership in a protected class, in violation of Title VII.

62.    Judy Martin is entitled to and claims the full extent of damages allowed by law for discrimination based on gender, including past and future loss of income, attorneys' fees and costs, compensatory damages and punitive damages and other damages as more particularly set forth hereinabove.

14

## COUNT VI – Discrimination based upon Gender – Disparate Treatment (M.G.L.c. 151B)

63.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 62

      above.

64.     The disparate treatment of Judy Martin was the result of her membership in a

      protected class, in violation of M.G.L.c. 151B.

65.     Judy Martin is entitled to and claims the full extent of damages allowed by law for

      discrimination based on gender, including past and future loss of income,

      attorneys' fees and costs, compensatory damages and punitive damages and other

      damages as more particularly set forth hereinabove.

## COUNT VII - Battery

66.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 65

      above.

67.     On April 30, 2003, Billy Martin, while acting in his capacity as an employee,

      touched Judy Martin in an unwelcome, inappropriate, and sexual manner.

68.     Judy Martin is entitle to and claims against Stericycle/Bio Systems all damages

      allowed by law as a result of the unlawful touching by Billy Martin of Judy Martin

      as more particularly set forth hereinabove.

## COUNT VIII – Wrongful Discharge

69.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 68

      above.

70.     Stericycle/Bio Systems imposed conditions of employment upon Judy Martin that were so difficult and unpleasant that a reasonable person in her position would have felt compelled to resign, and she did so, a decision that was reasonable under the totality of the circumstances.

71.     Judy Martin was wrongfully discharged by constructive discharge and is entitled to, and claims, all damages allowed by law as a result, including without limitation, back and future compensation and punitive damages and other damages as more particularly set forth hereinabove.

## COUNT IX – Negligent Supervision and Retention

72.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 71 above.

73.     Stericycle/Bio Systems had a duty to Judy Martin to use reasonable care in the supervision and retention of Billy Martin.

74.     Nevertheless, wholly unmindful of said duty, Stericycle/Bio Systems negligently and in breach of its said duty, failed to use reasonable care in the supervision and retention of Billy Martin.

75.     Stericycle/Bio Systems are liable to Judy Martin for her damages resulting from said breach of duty as more particularly set forth hereinabove.

16

## TRIAL BY JURY

76.     Judy Martin repeats and realleges the allegations of paragraphs 1 through 75

        above.

77.     Judy Martin claims the right to a jury trial on all issues triable to a jury.


WHEREFORE, Judy Martin prays that this Honorable Court award her:

A.      Her damages and restitution, including but not limited to back pay, front pay,

        healthcare expenses, damages for emotional distress, pain and suffering,

        compensatory damages, punitive damages, interest and costs;

B.      Attorneys' fees and expenses; and

C.      Such other relief as may be just and equitable.

                                Respectfully submitted,

                                Judy A. Martin

                                By her attorneys,
                                D'AMANTE COUSER STEINER
                                PELLERIN, P.A.


Date:   9/17/04

                                Richard B. Couser, Esq. (BBO: 645543)
                                Nine Triangle Park Drive
                                P.O. Box 2650
                                Concord, NH 03302-2650

17