UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

|  |  |  |
|---|---|---|
| JUDY (KINNEY) MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12027-NMG |
| | ) | |
| STERICYCLE, INC. and SCHERER HEALTHCARE, INC. d/b/a BIOSYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants Stericycle, Inc. and BioSystems (incorrectly identified as Scherer Healthcare, Inc.) answer Plaintiff Judy Martin's complaint as follows:

### Parties

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Bio Systems was purchased on January 9, 2003, by Stericycle. Defendants deny that, at all times after January 9, 2003, Defendant Scherer Healthcare, Inc. dba Bio Systems ("Bio Systems") has been a Delaware corporation with its corporate headquarters and principal place of business at 28161 North Keith Drive, Lake Forest, Illinois 60045. Defendants admit that, at all times after January 9, 2003, Bio Systems has had locations in a number of northeastern and Mid-Atlantic States, including Massachusetts. Defendants admit that Bio Systems' Massachusetts facility is located at 159 Ferry Road, Haverhill, Massachusetts 01835. Defendants admit that, at all times following January 9, 2003,

Bio Systems has been operated as a division of Stericycle. Defendants deny that, at all times after January 9, 2003, employees of Bio Systems have been paid by Stericycle. Defendants deny that, at all times after January 9, 2003, supervisors of Bio Systems employees have been Stericycle employees. Defendants admit that human resource personnel who provide support to Bio Systems employees are Stericycle employees.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit, but deny these were Plaintiff's only job duties.

7. Defendants admit she was not the subject of complaints from co-workers, but deny the remainder.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit D'Agata responded to Ms. Martin's complaints on or about April 30, 2003, but deny the remaining allegations.

14. Defendants admit that D'Agata assigned Judy Martin to ride in the same truck with Billy Martin on or about April 25, 2003 and that Ms. Martin said that she would not ride with him. Defendants further admit that D'Agata reassigned Ms. Martin that day. Defendants deny the remaining allegations.

### Sexual Harassment by Billy Martin and Hostile Environment

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

CHICAGO/#1292897.2
3773206v1

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit that Plaintiff reported the alleged April 30 incident to Mr. Davis during the first week of May, 2003. Defendants deny the remaining allegations.

22. Defendants admit that Plaintiff reported the April 30 incident to Salmonsen. Defendants further admit that Mr. Salmonsen informed Plaintiff that he would undertake an investigation of the situation and develop an action plan and that the corporation would not tolerate sexual harassment. Defendants deny the remaining allegations contained in Paragraph 22.

23. Defendants admit that Mr. Davis presented Plaintiff with a letter on or about May 6, 2003 that set forth its initial response to her complaints. Defendants admit that both Plaintiff and Mr. Martin were asked to sign letters regarding the situation. Defendants deny the remaining allegations.

24. Defendants admit that Plaintiff refused to sign the letter and that she demanded Mr. Martin's employment be terminated. Defendants deny the remaining allegations.

25. Defendants admit that BioSystems changed Mr. Martin's schedule so that he would not have contact with Plaintiff and that he never again made actual contact with Plaintiff after she complained in late April 2003. Defendants deny the remaining allegations.

26. Defendants admit that on or about May 8, 2003, Area Vice President of Human Resources for Stericycle, Marlynn Cohen, called Plaintiff about the situation and that Plaintiff

CHICAGO/#1292897.2
3773206v1

described the alleged April 30 incident to her. Further answering, Defendants state that Ms. Martin claimed to have made repeated complaints to D'Agata over a two month period. Defendants deny the remaining allegations.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that Ms. Cohen spoke with Plaintiff by telephone on or about May 19, 2003, and that Plaintiff reiterated that she wanted Mr. Martin's employment terminated. Defendants deny the remaining allegations.

29. Defendants admit that Ms. Cohen and Mr. Salmonsen spoke with Plaintiff on or about May 23, 2003, and that Plaintiff said, again, that she wanted Mr. Martin's employment terminated. Defendants deny the remaining allegations contained in Paragraph 29.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

### The Impact on Judy Martin

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny that they failed and/or refused to put a stop to the alleged harassment. Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations.

### The Nature of the Claims

34. Defendants admit that Plaintiff purports to assert each and every count hereafter, to the extent applicable, under both the laws of the United States, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and the laws of the Commonwealth of Massachusetts, M.G.L. c. 151B, § 4 et seq., but deny that she is entitled any relief.

### COUNT I - Discrimination Based on Gender - Sexual Harassment (Title VII)

35. Defendants restate their answers to the allegations of paragraphs 1 through 34.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

### COUNT II - Discrimination Based on Gender - Sexual Harassment (M.G.L.c.151B)

39. Defendants restate their answers to the allegations of paragraphs 1 through 38.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

### COUNT III - Retaliation (Title VII)

43. Defendants restate their answers to the allegations of paragraphs 1 through 42.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit that BioSystems denied, on or about June 12, 2003, Plaintiff's request for a week's paid vacation time. Further answering, Defendants admit that Plaintiff complained of harassment by Billy Martin before June 12, 2003. Upon information and belief, Defendants admit that Plaintiff filed her first MCAD charge on June 2, 2003. Defendants deny they had knowledge of Plaintiff's MCAD charge as of June 12, 2003. Defendants deny the remaining allegations.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

CHICAGO/#1292897.2
3773206v1

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

### COUNT IV - Retaliation (M.G.L.c.151B)

51. Defendants restate their answers to the allegations of paragraphs 1 through 50.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

### COUNT V - Discrimination based upon Gender - Disparate Treatment (Title VII)

*Plaintiff has agreed to dismiss Count V.*

### COUNT VI - Discrimination based upon Gender - Disparate Treatment (M.G.L.c.151B)

*Plaintiff has agreed to dismiss Count VI.*

### COUNT VII – Battery

*Plaintiff has agreed to dismiss with prejudice.*

### COUNT VIII - Wrongful Discharge

*Plaintiff has agreed to dismiss with prejudice.*

### COUNT IX - Negligent Supervision and Retention

*Plaintiff has agreed to dismiss with prejudice.*

### TRIAL BY JURY

76. Defendants restate their answers to the allegations of paragraphs 1 through 53.

77. Defendants admit that Plaintiff claims the right to a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred in whole or in part by her own wrongful conduct, and by the doctrines of waiver, laches, and estoppel.

### THIRD DEFENSE

The Plaintiff's claims are barred in whole or in part to the extent that she has failed to exhaust administrative remedies or otherwise satisfy administrative prerequisites to this action.

### FOURTH DEFENSE

The Plaintiff's claims are barred to the extent that she has failed to mitigate any damages which she has allegedly suffered.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the applicable statutes of limitations and/or administrative filing periods.

### SIXTH DEFENSE

Some or all of the damages sought by the Plaintiff are not recoverable as a matter of law.

### SEVENTH DEFENSE

The Plaintiff's claims are barred because any proposed or actual employment actions affecting her were based on legitimate, non-discriminatory and/or non-retaliatory reasons.

### EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are not like or reasonably related to her underlying EEOC/MCAD Charge.

## NINTH DEFENSE

Defendants exercised reasonable care to prevent harassment by issuing a no-harassment policy to their employees and conducting employee training regarding the policy. Further, Defendants took steps reasonably intended to correct promptly any harassing behavior reported by Plaintiff. These steps effectively prevented any potential for harassment after Plaintiff complained on or about April 30, 2003.

## TENTH DEFENSE

If Plaintiff shows that Defendants took any adverse employment action against her because of her gender or because of her alleged protected activities, Defendants will show that such action was not willful and was contrary to their policies and good faith efforts to comply with Title VII and Massachusetts law.

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to the relief demanded in the Complaint, or any other relief. Accordingly, Defendants respectfully request that this Court dismiss the Complaint against them with prejudice, enter judgment for Defendants, and award Defendants their costs, attorney's fees, expenses and such other and further relief as this Court may deem appropriate.

          Respectfully submitted,

          Stericycle, Inc. and
          Scherer Healthcare, Inc. d/b/a Bio Systems,

          By Their Attorneys,

          /s/ Lisa M. Gaulin
          Thomas E. Shirley (BBO # 542777)
          Lisa M. Gaulin (BBO # 654655)
          Choate, Hall & Stewart
          Exchange Place
          53 State Street
          Boston, MA 02109-2804
          Telephone: (617) 248-5000
          Facsimile: (617) 248-4000

          Steven L. Hamann (admitted *pro hac vice*)
          Aaron R. Gelb (admitted *pro hac vice*)
          Vedder, Price, Kaufman & Kammholz, P.C.
          222 North LaSalle Street
          Suite 2600
          Chicago, IL 60601-1003
          Telephone: (312) 609-7500
          Facsimile: (312) 609-5005

Dated: November 29, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY (MAIL)/HAND ON and e-filing
DATE 11-29-04  SIGNATURE [signature]