IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

JUDY (KINNEY) MARTIN,

    Plaintiff,

v.

STERICYCLE, INC. and SCHERER
HEALTHCARE, INC. d/b/a BIOSYSTEMS,

    Defendants.

No. 1:04-cv-12027-NMG

### REPORT OF THE PARTIES' PLANNING MEETING

Plaintiff, Judy (Kinney) Martin and Defendants, Stericycle, Inc. and Scherer Healthcare, Inc. d/b/a BioSystems, submit this report as required by FRCP 16(b) & (c), 26(f) and Local Rule 16.1.

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on November 23, 2004 by telephone and was attended by:

    Richard B. Couser, counsel for Plaintiff.

    Aaron R. Gelb, counsel for Defendants.

2. <u>Pre-Discovery Disclosures</u>. The parties will exchange by December 10, 2004, the information required by Fed.R.Civ.P. 26(a)(1).

3. <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan:

    a. The parties submit that discovery is to be sought on the allegations contained in Plaintiff's Complaint, Plaintiff's damages and mitigation and Defendants' affirmative defenses. Defendants intend to take the deposition of Plaintiff, any healthcare

providers who treated her for conditions allegedly caused by Defendants, any individuals submitting statements on his behalf and other fact witnesses as deemed necessary. Plaintiff intends to take the depositions of Billy Martin, Joe D'Agata, Phil Davis, Rick Salmonsen and Marlynn Cohen and other fact witnesses as deemed necessary. In addition, the parties intend to serve written discovery in the form of Interrogatories and Requests for Production of Documents. The parties reserve the right to object to any written discovery and/or depositions.

    b.    All discovery commenced in time to be completed by April 1, 2005.

    c.    Maximum of twenty-five (25) Interrogatories by each party to any other party. Responses due thirty (30) days after service.

    d.    The parties do not believe it is necessary or advantageous to conduct discovery in phases. Defendants deposed Plaintiff while her discrimination charges were pending before the Massachusetts Commission Against Discrimination. Plaintiff deposed the alleged harasser, Defendants' Area VP for Human Resources and Plaintiff's former supervisor. Defendants anticipate deposing Plaintiff again.

    e.    In light of the extent of emotional distress damages alleged – both in the past and continuing through the present – Defendants anticipate requesting a Rule 35 mental examination of the Plaintiff.

    f.    Reports from retained experts pursuant to Rule 26(a)(2) due from Plaintiff by March 1, 2005, and due from Defendants by April 1, 2005. Depositions of the parties' respective experts shall be completed within one month of the disclosure deadline.

4.    Other items.

    a.    The parties do not request a conference with the Court before entry of the Scheduling Order. In the event a conference is scheduled by the Court, Defendants request that

counsel be permitted to appear by telephone.

  b. Plaintiff should be allowed until January 14, 2005, to join additional parties and to amend the pleadings.

  c. All potentially dispositive motions should be filed by April 29, 2005. Responses to dispositive motions should be filed by May 13, 2005.

  d. Final lists of witnesses and exhibits pursuant to Rule 26(a)(3) should be due thirty days following the date the Court rules on Defendants' motion for summary judgment.

  e. The parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections pursuant to Rule 26(a)(3).

  f. This case should be ready for trial sixty days after the Court rules on the Defendants' motion for summary judgment, and at this time is expected to take two to three days.

  g. The parties do not consent to trial by magistrate judge.

  h. The parties have discussed settlement and given the last demand made by Plaintiff, Defendants do not believe ADR will be fruitful or that discovery should be conducted to first assess the possibilities for settlement and then to prepare for trial.

    i.    Certifications pursuant to Local Rule 16.1(d)(3) will be provided by each party under separate cover.

| JUDY (KINNEY) MARTIN | STERICYCLE, INC. and SCHERER HEALTHCARE, INC. d/b/a BIOSYSTEMS |
|---|---|
| By: _____ *[signature]*<br>One of Her Attorneys | By: _____ *[signature]*<br>One of Their Attorneys |
| Richard B. Couser (BBO#645543)<br>D'Amante, Couser, Steiner & Pellerin, P.A.<br>Nine Triangle Park Drive<br>P.O. Box 2650<br>Concord, NH 03302-2650<br>(603) 224-6777<br>Fax: (603) 224-6696 | Thomas E. Shirley (BBO # 542777)<br>Lisa M. Gaulin (BBO # 645655)<br>Choate, Hall & Stewart<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2804<br>(617) 248-5000<br>Fax (617) 248-4000<br><br>Steven L. Hamann<br>Aaron R. Gelb<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 North LaSalle Street, Suite 2600<br>Chicago, IL 60601-1003<br>(312) 609-7500<br>Fax: (312) 609-5005<br><br>Dated: November 23, 2004 |

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY (MAIL)/HAND ON and e-filing
DATE 11-29-04  SIGNATURE _____

CHICAGO/#1305000.1 11/16/04