# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUDY (KINNEY) MARTIN | ) | |
| Plaintiff | ) | |
|  | ) | DOCKET NO: |
| vs. | ) | 1:04-cv-12027-NMG |
|  | ) | |
| STERICYCLE, INC. AND | ) | |
| SCHERER HEALTHCARE, INC. | ) | |
| d/b/a BIOSYSTEMS | ) | |
| Defendants | ) | |

## AFFIDAVIT OF RICHARD B. COUSER

Richard B. Couser, being duly sworn, says:

1.  I am plaintiff's counsel in this matter. I have personal knowledge of the matters herein stated.

2.  On December 8, 2004, I served on each of the defendants a First Set of Interrogatories which included interrogatories 1, 2, 3, 9, and 10 attached hereto as Exhibit A and a First Request for Production of Documents a copy of which is attached hereto as Exhibit B.

3.  Responses to the attached Interrogatories and Request for Production of Documents may yield further information to refute defendants' Motion for Partial Summary Judgment in identifying other employees who were allowed to take vacation time in their first year against time they would be entitled to in their second year of employment, the date the defendants learned plaintiff had filed a complaint with the Massachusetts Commission Against Discrimination, and other employees who may have knowledge of these matters.

Dated: 12/29/04

_____
Richard B. Couser


STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Personally appeared the above-named, Richard B. Couser and made oath that the foregoing statements subscribed by him are true to the best of his knowledge and belief.

Dated: 12/29/04

_____
Notary Public/Justice of the Peace
My commission expires: 6/4/08

GENEVIEVE J. VAN BEAVER
Notary Public - State of New Hampshire
My Commission Expires June 4, 2008

# EXHIBIT A

YOU MUST ANSWER EACH QUESTION SEPARATELY AND FULLY IN WRITING AND UNDER OATH. YOU MUST RETURN THE ORIGINAL AND ONE COPY OF YOUR ANSWERS WITHIN THIRTY (30) DAYS OF THE DATE YOU RECEIVED THEM TO THE PARTY OF COUNSEL WHO SERVED THEM UPON YOU. IF YOU OBJECT TO ANY QUESTION, YOU MUST NOTE YOUR OBJECTION AND STATE THE REASON THERFOR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUDY (KINNEY) MARTIN | ) | |
| Plaintiff | ) | |
|  | ) | DOCKET NO: |
| vs. | ) | 1:04-cv-12027-NMG |
|  | ) | |
| STERICYCLE, INC. AND | ) | |
| SCHERER HEALTHCARE, INC. | ) | |
| d/b/a BIOSYSTEMS | ) | |
| Defendants | ) | |

## PLAINTIFF JUDY (KINNEY) MARTIN'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT STERICYCLE, INC.

NOW COMES the Plaintiff, Judy (Kinney) Martin, by and through her attorneys,

D'Amante Couser Steiner Pellerin, P.A., and propounds the following interrogatories to be

answered by the Defendant Stericycle, Inc.:

## DEFINITIONS AND INSTRUCTIONS

A.      "You" and "your" means Defendant Stericycle, Inc., any agents or employees thereof, and any other person or entity acting on behalf of Defendant Stericycle, Inc.

1

B.    "Identify" or "state the identity," when referring to a natural person, shall mean to state or describe that individual's full name, age, present or last-known address, telephone number, present or last-known business affiliation and location, job title, and job responsibilities. When referring to a partnership, firm, association, corporation, or other legal or business entity, "identify" or "state the identity" shall mean to state or describe the entity's full name, the location of its principal office, and the state in which it is organized. Each such response shall state or describe the individual's or entity's relationship with any party to this action. If there is no such relationship at present, the response shall state whether any such relationship ever existed and the inclusive dates thereof, and describe the previous relationship.

C.    "Communication," is defined to include all verbal and written communications of every kind, including but not limited to telephone calls, conferences, meetings and correspondence, and all memoranda reporting, summarizing, referring to or constituting the requested communications. Where communications are not in writing, identify all memoranda and documents leading to the requested communication and documents referring to the communications, and describe in full the substance of the communication to the extent that the substance is not reflected in the memoranda and documents provided.

D.    "Identify," when referring to a "document," shall mean to state the type of document, together with its title or subject matter, the document's date, the identity of the author, sender, and every recipient of the document or a copy thereof, and the present location of the document and every copy thereof. When the document is a written agreement or contract, "identify" shall also mean to state the date on which that written agreement or contract was executed on behalf of each party thereof, the date of termination, and the date of every amendment or modification thereof.

E.    "Document" shall include, without limitation, any object or item on which information may be stored or from which information can be obtained, by any means, including the original and every nonidentical copy (whether different from the original because of handwritten notes, underlinings on the copy, or otherwise), regardless of origin or location.

F.    "Complaint" shall mean the Complaint filed by Plaintiff in this action.

G.    "Person" shall include any natural person, proprietorship, partnership, firm, group, association, corporation, governmental agency, or other legal or business entity.

H.    "Concerning" shall mean embodying, mentioning, referring to, relating to, describing, supporting, evidencing, or constituting.

I.    References to the singular shall include the plural, and references to the plural shall include the singular.

2

J.     In the event that any document referred to in your answers is not in your possession, custody, or control, please specify what disposition was made of it and by whom the document is now possessed, held in custody, or controlled.

K.     In the event that any document referred to in your answers has been destroyed, please specify the date and manner of destruction, reason for destruction, identity of the person who destroyed the document, and identity of the document's custodian on the date and at the time of destruction.

L.     If responsive information regarding documents is withheld on grounds of privilege, then for each such document, please set forth the date and nature of the document (e.g., a letter, memorandum); the author and any recipient(s) thereof; a general description of the subject matter of the document; and the basis of for the claim of privilege. If responsive information regarding oral communications is withheld on grounds of privilege, you are requested to set forth the date, place, and general subject matter of the communication, the identity of the person making the communication, and the persons present when it was made; the relationship between the persons present and the person making the communication; and the basis for the claim of privilege.

M.     In answering the following Interrogatories, furnish all information available to you, including all information in the possession of your attorneys, agents, employees or anyone acting in cooperation or in concert with you or on your behalf, including experts consulted or retained by you.

N.     If you cannot answer each of the following Interrogatories in full, after exercising due diligence to secure the information to do so, you shall so state, indicate which of the Interrogatories you cannot answer in full, and answer each of those Interrogatories to the extent possible, specifying any inability to answer the remainder of those Interrogatories and stating whatever information or knowledge is available to you to answer those Interrogatories.

O.     These Interrogatories shall be deemed continuing, and your responses shall be supplemented to reflect events occurring, or information becoming available, after service of its answers.

## INTERROGATORIES

1.     Do you acknowledge the accuracy of Respondents' Response to First Set of Interrogatories in Massachusetts Commission Against Discrimination proceeding No. 03 BEM 01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericycle, Inc.?

**ANSWER:**

3

2.     Please update any answers in Respondents' Response to First Set of Interrogatories in Massachusetts Commission Against Discrimination proceeding No. 03 BEM 01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericycle, Inc. as necessary to be currently accurate, in particularly updating the list of drivers employed by Biosystems during the time of Judy Martin's employment as set forth in response to Interrogatory No. 1 to show those currently or formerly employed at this time.

**ANSWER:**

3.      Please identify, as set forth in the definitions hereinabove, the employee at your Haverhill, Massachusetts facility who was a driver with the first name Mindy.

**ANSWER:**

9.      Please identify all union employees who have, during the time period January 1, 1998 to date, been allowed during their first year of employment to borrow vacation time against the following year's vacation.

**ANSWER:**

10.     Please identify the date when you first learned of Judy Martin's complaint to the Massachusetts Commission Against Discrimination.

**ANSWER:**

Respectfully Submitted,

Judy (Kinney) Martin

By her attorneys,
D'AMANTE COUSER STEINER
PELLERIN, P.A.

12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650
(603)-224-6777

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have forwarded an original and two copies of Plaintiff Judy (Kinney) Martin's First Set of Interrogatories Propounded Upon Defendant Stericycle, Inc. to Steven L. Hamann, Esq. and Lisa M. Gaulin, Esq.

Dated:  12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)

YOU MUST ANSWER EACH QUESTION SEPARATELY AND FULLY IN WRITING AND UNDER
OATH. YOU MUST RETURN THE ORIGINAL AND ONE COPY OF YOUR ANSWERS WITHIN
THIRTY (30) DAYS OF THE DATE YOU RECEIVED THEM TO THE PARTY OF COUNSEL WHO
SERVED THEM UPON YOU. IF YOU OBJECT TO ANY QUESTION, YOU MUST NOTE YOUR
OBJECTION AND STATE THE REASON THERFOR.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY (KINNEY) MARTIN )<br>　　Plaintiff ) | |
| ) | DOCKET NO: |
| vs. ) | 1:04-cv-12027-NMG |
| ) | |
| STERICYCLE, INC. AND )<br>SCHERER HEALTHCARE, INC. )<br>d/b/a BIOSYSTEMS )<br>　　Defendants ) | |

## PLAINTIFF JUDY (KINNEY) MARTIN'S FIRST SET OF
## INTERROGATORIES PROPOUNDED UPON DEFENDANT
## SCHERER HEALTHCARE, INC., D/B/A BIOSYSTEMS

NOW COMES the Plaintiff, Judy (Kinney) Martin, by and through her attorneys,

D'Amante Couser Steiner Pellerin, P.A., and propounds the following interrogatories to be

answered by the Defendant Scherer Healthcare, Inc., d/b/a Biosystems:

## DEFINITIONS AND INSTRUCTIONS

A.　　"You" and "your" means Defendants Scherer Healthcare, Inc., d/b/a Biosystems,
any agents or employees thereof, and any other person or entity acting on behalf of Defendant
Scherer Healthcare, Inc., d/b/a Biosystems.

B.    "Identify" or "state the identity," when referring to a natural person, shall mean to state or describe that individual's full name, age, present or last-known address, telephone number, present or last-known business affiliation and location, job title, and job responsibilities. When referring to a partnership, firm, association, corporation, or other legal or business entity, "identify" or "state the identity" shall mean to state or describe the entity's full name, the location of its principal office, and the state in which it is organized. Each such response shall state or describe the individual's or entity's relationship with any party to this action. If there is no such relationship at present, the response shall state whether any such relationship ever existed and the inclusive dates thereof, and describe the previous relationship.

C.    "Communication," is defined to include all verbal and written communications of every kind, including but not limited to telephone calls, conferences, meetings and correspondence, and all memoranda reporting, summarizing, referring to or constituting the requested communications. Where communications are not in writing, identify all memoranda and documents leading to the requested communication and documents referring to the communications, and describe in full the substance of the communication to the extent that the substance is not reflected in the memoranda and documents provided.

D.    "Identify," when referring to a "document," shall mean to state the type of document, together with its title or subject matter, the document's date, the identity of the author, sender, and every recipient of the document or a copy thereof, and the present location of the document and every copy thereof. When the document is a written agreement or contract, "identify" shall also mean to state the date on which that written agreement or contract was executed on behalf of each party thereof, the date of termination, and the date of every amendment or modification thereof.

E.    "Document" shall include, without limitation, any object or item on which information may be stored or from which information can be obtained, by any means, including the original and every nonidentical copy (whether different from the original because of handwritten notes, underlinings on the copy, or otherwise), regardless of origin or location.

F.    "Complaint" shall mean the Complaint filed by Plaintiff in this action.

G.    "Person" shall include any natural person, proprietorship, partnership, firm, group, association, corporation, governmental agency, or other legal or business entity.

H.    "Concerning" shall mean embodying, mentioning, referring to, relating to, describing, supporting, evidencing, or constituting.

I.    References to the singular shall include the plural, and references to the plural shall include the singular.

2

J.    In the event that any document referred to in your answers is not in your possession, custody, or control, please specify what disposition was made of it and by whom the document is now possessed, held in custody, or controlled.

K.    In the event that any document referred to in your answers has been destroyed, please specify the date and manner of destruction, reason for destruction, identity of the person who destroyed the document, and identity of the document's custodian on the date and at the time of destruction.

L.    If responsive information regarding documents is withheld on grounds of privilege, then for each such document, please set forth the date and nature of the document (e.g., a letter, memorandum); the author and any recipient(s) thereof; a general description of the subject matter of the document; and the basis of for the claim of privilege. If responsive information regarding oral communications is withheld on grounds of privilege, you are requested to set forth the date, place, and general subject matter of the communication, the identity of the person making the communication, and the persons present when it was made; the relationship between the persons present and the person making the communication; and the basis for the claim of privilege.

M.    In answering the following Interrogatories, furnish all information available to you, including all information in the possession of your attorneys, agents, employees or anyone acting in cooperation or in concert with you or on your behalf, including experts consulted or retained by you.

N.    If you cannot answer each of the following Interrogatories in full, after exercising due diligence to secure the information to do so, you shall so state, indicate which of the Interrogatories you cannot answer in full, and answer each of those Interrogatories to the extent possible, specifying any inability to answer the remainder of those Interrogatories and stating whatever information or knowledge is available to you to answer those Interrogatories.

O.    These Interrogatories shall be deemed continuing, and your responses shall be supplemented to reflect events occurring, or information becoming available, after service of its answers.

## INTERROGATORIES

1.    Do you acknowledge the accuracy of Respondents' Response to First Set of Interrogatories in Massachusetts Commission Against Discrimination proceeding No. 03 BEM 01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericycle, Inc.?

**ANSWER:**

3

2.      Please update any answers in Respondents' Response to First Set of
Interrogatories in Massachusetts Commission Against Discrimination proceeding  No. 03 BEM
01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericycle, Inc. as necessary to be
currently accurate, in particularly updating the list of drivers employed by Biosystems during the
time of Judy Martin's employment as set forth in response to Interrogatory No. 1 to show those
currently or formerly employed at this time.

   **ANSWER:**

3.    Please identify, as set forth in the definitions hereinabove, the employee at your Haverhill, Massachusetts facility who was a driver with the first name Mindy.

**ANSWER:**

9.      Please identify all union employees who have, during the time period January 1, 1998 to date, been allowed during their first year of employment to borrow vacation time against the following year's vacation.

**ANSWER:**

10.     Please identify the date when you first learned of Judy Martin's complaint to the Massachusetts Commission Against Discrimination.

**ANSWER:**

12

Respectfully Submitted,

Judy (Kinney) Martin

By her attorneys,
D'AMANTE COUSER STEINER
PELLERIN, P.A.

12/8/14

_____
Richard B. Couser, Esq. (BBO: 645543)
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650
(603)-224-6777


## CERTIFICATE OF SERVICE

I hereby certify that on this date I have forwarded an original and two copies of Plaintiff Judy (Kinney) Martin's First Set of Interrogatories Propounded Upon Defendant Scherer Healthcare, Inc., d/b/a Biosystems to Steven L. Hamann, Esq. and Lisa M. Gaulin, Esq.

Dated:  12/8/14

_____
Richard B. Couser, Esq. (BBO: 645543)

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY (KINNEY) MARTIN<br>Plaintiff<br><br>vs.<br><br>STERICYCLE, INC. AND<br>SCHERER HEALTHCARE, INC.<br>d/b/a BIOSYSTEMS<br>Defendants | DOCKET NO:<br>1:04-cv-12027-NMG |

## PLAINTIFF JUDY (KINNEY) MARTIN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STERICYCLE, INC.

### DEFINITIONS

(a) "Document" means the original and each copy that is not identical with the original or that contains any commentary or notation that does not appear on the original of any written, printed, recorded, or graphic matter, however produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information, including but not limited to correspondence, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, drafts, letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars, summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, videotape, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of any other type. "Document" also includes information stored on or in any computer or word processing system.

(b) "You" and "your" means Defendant Stericycle, Inc. including any and all agents, employees, or attorneys and other persons acting or purporting to act, or having acted or purported to act, directly or indirectly, on behalf of the Defendants.

(c) "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, general and limited partnerships, trusts, estates, unincorporated associations, or other groups separately identified no matter how organized.

1

(d) "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

(e) Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

## INSTRUCTIONS

(a) Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents or representatives, including attorneys, wherever located.

(b) If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document; the date; identification of the author, addressee, and those shown as receiving copies thereof; and a statement of the ground upon which each such document is considered privileged.

(c) If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

(d) All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

(e) Legible copies are requested to be produced in all instances.

## **DOCUMENT REQUESTS**

1.      Annual Reports for the years 2002 and 2003.

2.      Audited annual financial statements for the years 2002 and 2003 and the most recent quarterly financial statement, whether or not audited, for 2004.

3.      Annual (form 10-K) for the years 2002 and 2003 and quarterly filings (form 10-Q) with the Securities and Exchange Commission for the year 2004.

4.      All documents that evidence your answer to Interrogatory 5 of Plaintiff's First Set of Interrogatories to Defendants.

5.    All documents requested in Complainant's First and Second Requests for Production of Documents in Massachusetts Commission Against Discrimination proceeding No. 03 BEM 01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericyle, Inc. not previously produced.

6.    All pay records for Judy Martin showing her hourly rate, overtime rate, hours worked, actual pay, and benefits during the period of her employment.

7.    Federal Income Tax Return for the year 2003.

8.    All documents that evidence your answer to Interrogatory 7 of Plaintiff's First Set of Interrogatories to Defendants.

9.    All documents that evidence your answer to Interrogatory 10 of Plaintiff's First Set of Interrogatories to Defendants.

10.    All documents that evidence your answer to Interrogatory 11 of Plaintiff's First Set of Interrogatories to Defendants.

11.    All documents that evidence your answer to Interrogatory 12 of Plaintiff's First Set of Interrogatories to Defendants.

12.    All documents that evidence your answer to Interrogatory 13 of Plaintiff's First Set of Interrogatories to Defendants.

13.    All documents that evidence your answer to Interrogatory 14 of Plaintiff's First Set of Interrogatories to Defendants.

14.    All documents that evidence your answer to Interrogatory 15 of Plaintiff's First Set of Interrogatories to Defendants.

15.    All documents that evidence your answer to Interrogatory 16 of Plaintiff's First Set of Interrogatories to Defendants.

16.    All documents that evidence your answer to Interrogatory 17 of Plaintiff's First Set of Interrogatories to Defendants.

17.    All documents that evidence your answer to Interrogatory 18 of Plaintiff's First Set of Interrogatories to Defendants.

18.    All documents that evidence your answer to Interrogatory 19 of Plaintiff's First Set of Interrogatories to Defendants.

3

Respectfully Submitted,

Judy (Kinney) Martin

By her attorneys,
D'AMANTE COUSER STEINER
PELLERIN, P.A.

12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650
(603)-224-6777

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have forwarded an original and two copies of Plaintiff Judy (Kinney) Martin's First Request for Production of Documents to Defendant Stericycle, Inc. to Steven L. Hamann, Esq. and Lisa M. Gaulin, Esq.

Dated: 12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY (KINNEY) MARTIN )<br>Plaintiff )<br> )<br>vs. )<br> )<br>STERICYCLE, INC. AND )<br>SCHERER HEALTHCARE, INC. )<br>d/b/a BIOSYSTEMS )<br>Defendants )<br> ) | DOCKET NO:<br>1:04-cv-12027-NMG |

## PLAINTIFF JUDY (KINNEY) MARTIN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SCHERER HEALTHCARE, INC., D/B/A BIOSYSTEMS

### DEFINITIONS

(a) "Document" means the original and each copy that is not identical with the original or that contains any commentary or notation that does not appear on the original of any written, printed, recorded, or graphic matter, however produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information, including but not limited to correspondence, reports, records, lists, memoranda, invoices, checks, check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books, drafts, letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars, summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings, notebooks, photographs, motion picture film, videotape, maps, advertisements, press releases, summaries or reports of investigations or negotiations, opinions or reports of consultants, appraisals, and recordings of any other type. "Document" also includes information stored on or in any computer or word processing system.

(b) "You" and "your" means Defendant Scherer Healthcare, Inc., d/b/a BioSystems, including any and all agents, employees, or attorneys and other persons acting or purporting to act, or having acted or purported to act, directly or indirectly, on behalf of the Defendants.

(c) "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, general and limited partnerships, trusts, estates, unincorporated associations, or other groups separately identified no matter how organized.

1

(d) "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

(e) Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

## INSTRUCTIONS

(a) Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents or representatives, including attorneys, wherever located.

(b) If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document; the date; identification of the author, addressee, and those shown as receiving copies thereof; and a statement of the ground upon which each such document is considered privileged.

(c) If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

(d) All documents which are produced shall be produced as they are kept in the usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

(e) Legible copies are requested to be produced in all instances.

## DOCUMENT REQUESTS

1.    Annual Reports for the years 2002 and 2003.

2.    Audited annual financial statements for the years 2002 and 2003 and the most recent quarterly financial statement, whether or not audited, for 2004.

3.    Annual (form 10-K) for the years 2002 and 2003 and quarterly filings (form 10-Q) with the Securities and Exchange Commission for the year 2004.

4.    All documents that evidence your answer to Interrogatory 5 of Plaintiff's First Set of Interrogatories to Defendants.

2

5.   All documents requested in Complainant's First and Second Requests for Production of Documents in Massachusetts Commission Against Discrimination proceeding No. 03 BEM 01413, Judy Kinney v. Stericyle, Inc. d/b/a Biosystems and/or Stericycle, Inc. not previously produced.

6.   All pay records for Judy Martin showing her hourly rate, overtime rate, hours worked, actual pay, and benefits during the period of her employment.

7.   Federal Income Tax Return for the year 2003.

8.   All documents that evidence your answer to Interrogatory 7 of Plaintiff's First Set of Interrogatories to Defendants.

9.   All documents that evidence your answer to Interrogatory 10 of Plaintiff's First Set of Interrogatories to Defendants.

10.  All documents that evidence your answer to Interrogatory 11 of Plaintiff's First Set of Interrogatories to Defendants.

11.  All documents that evidence your answer to Interrogatory 12 of Plaintiff's First Set of Interrogatories to Defendants.

12.  All documents that evidence your answer to Interrogatory 13 of Plaintiff's First Set of Interrogatories to Defendants.

13.  All documents that evidence your answer to Interrogatory 14 of Plaintiff's First Set of Interrogatories to Defendants.

14.  All documents that evidence your answer to Interrogatory 15 of Plaintiff's First Set of Interrogatories to Defendants.

15.  All documents that evidence your answer to Interrogatory 16 of Plaintiff's First Set of Interrogatories to Defendants.

16.  All documents that evidence your answer to Interrogatory 17 of Plaintiff's First Set of Interrogatories to Defendants.

17.  All documents that evidence your answer to Interrogatory 18 of Plaintiff's First Set of Interrogatories to Defendants.

18.  All documents that evidence your answer to Interrogatory 19 of Plaintiff's First Set of Interrogatories to Defendants.

Respectfully Submitted,

Judy (Kinney) Martin

By her attorneys,
D'AMANTE COUSER STEINER
PELLERIN, P.A.

12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)
Nine Triangle Park Drive
P.O. Box 2650
Concord, NH 03302-2650
(603)-224-6777


## CERTIFICATE OF SERVICE

I hereby certify that on this date I have forwarded an original and two copies of Plaintiff Judy (Kinney) Martin's First Request for Production of Documents to Defendant Scherer Healthcare, Inc., d/b/a Biosystems to Steven L. Hamann, Esq. and Lisa M. Gaulin, Esq.

Dated:  12/8/04

_____
Richard B. Couser, Esq. (BBO: 645543)

4