UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY (KINNEY) MARTIN,<br>                Plaintiff,<br>v.<br>STERICYCLE, INC. and BIOSYSTEMS,<br>                Defendants. | Civil Action No. 1:04-cv-12027-NMG |

**(PROPOSED) REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Stericycle, Inc. and BioSystems (collectively, the "Defendants") hereby submit the following reply in support of their partial motion for summary judgment as to Plaintiff's retaliation claims in Counts III and IV.

# I. INTRODUCTION

Plaintiff claims that Defendants retaliated against her for complaining about sexual harassment by denying her vacation request in June 2003. It is undisputed that the applicable Collective Bargaining Agreement provides that employees who belonged to the union could not take vacation until after they have been employed for one year. Plaintiff made her request after only seven months on the job and it was denied because she was not yet entitled to take vacation under the Agreement. Unable to point to any entitlement, benefit or perk that Defendants denied her, Plaintiff cannot maintain her retaliation claims because she did not suffer an adverse employment action.

**A.    Plaintiff was not denied any right, privilege or entitlement of her employment when her vacation request was rejected.**

Plaintiff cites a number of First Circuit opinions in her Objection that all essentially impart the same lesson – that an adverse employment action must involve some material change in circumstances, whether a denial of a promotion, a reduction in salary or a loss of some other benefit or entitlement (P. Objection at 10-11.) Here, Plaintiff maintains that the Company's denial of her

3788280v1

vacation request meets this requirement because the Stericycle Employee Handbook provides that vacation may be taken after six months and because other employees have been allowed to take time off during their first year.[1]

The Stericycle Employee Handbook, however, is not controlling here. A Collective Bargaining Agreement dictated the economic terms and conditions of employment for unionized employees at the Haverhill facility and controlled rights such as vacation time. This fact is undisputed. Thus, the ability of an employee who belonged to the union to take vacation was dependent upon the dictates of the Agreement, not the Handbook. As such, no unionized employee could take vacation until after their one-year anniversary date (Supp. Declaration of Phil Davis at ¶ 6.) Plaintiff was not entitled to any vacation time and this is conclusively established by the Agreement. The Handbook is irrelevant.

Nor can Plaintiff show that she was stripped of an entitlement based on her allegation that Operations Coordinator Joe D'Agata told her she could have the vacation time she sought. (See P. Objection at 4.) At her deposition, Plaintiff testified only that she understood from talking with D'Agata than one could borrow a week of vacation under the terms of the Agreement. Assuming for the purposes of this motion that D'Agata made such a comment, however, does not create an entitlement because he did not have the authority or ability to approve vacation for an employee who was not entitled to take it under the terms of the Agreement (Supp. Declaration of Phil Davis at ¶ 4.)

---

[1] Plaintiff cites three cases in support of her assertion that a denial of vacation rises to the level of an adverse action. They are all distinguishable. In each case, the plaintiff was entitled to take (had already earned) the vacation denied them. Here, however, as shown in Defendants' original moving papers and in this Reply, Plaintiff had no such entitlement. In *Coffman v. Tracker Marine, L.P.*, 141 F.3d 1241 (8th Cir. 1998), the plaintiff was not allowed to take paid leave on federal holidays despite the fact her employer agreed previously to provide them. Similarly, in *Richardson v. Metropolitan District Commission*, the plaintiff was denied vacation after the supervisor had formally approved the request – creating an entitlement. Meanwhile, in *Wu v. Southeast-Atlantic Bev. Corp*, the Court granted summary judgment to the employer after concluding that the plaintiff could not establish the denial of vacation was pretextual. Thus, the court assumed for the purposes of summary judgment only that the denial of plaintiff's vacation request was an adverse action. Notably, there was no question that Wu was entitled to take vacation. He objected to the fact that his employer denied his request to take the vacation he earned and instead allowed a co-worker outside the protected classification to take vacation for the period of time.

**B.     Plaintiff's inability to take unpaid leave is not an adverse employment action.**

Recognizing that she was not entitled to take vacation time in June 2003, Plaintiff shifts gears and suggests that Defendants should have offered her the opportunity to take unpaid leave. This assertion, however, does not enable Plaintiff to avoid summary judgment.

First and foremost, Plaintiff never asked for unpaid leave in June 2003 – she asked for vacation before she was entitled to take it and once she was told she could not take vacation, she quit. On or about May 2, 2003, however, Operations Coordinator D'Agata approved Plaintiff's request for an personal day on May 30, 2003 (Supp. Declaration of Phil Davis at ¶ 10.) The Time Off Request Form approved by D'Agata directs the employee to choose the leave sought from a list including vacation, personal day, jury duty, court/personal or other. Along side the "other" category are three blank lines in which an employee can describe requests made for "other" leave. Having taken a personal day, Plaintiff cannot now claim that she did not know other forms of leave were available to her when her vacation request was denied two weeks later.

Moreover, there is no authority suggesting that the failure to offer an employee unpaid leave itself constitutes an adverse employment action when there is no absolute right to such time off. Even if Plaintiff had affirmatively asked for unpaid leave, the denial of such a request does not rise to the level of an adverse employment. In *Williams v. City of Kansas City*, 223 F.3d 749, 754 (8th Cir. 2000), the Court held that the denial of "dock time," which was granted at the employer's discretion, was not an adverse employment action because such time was neither an entitlement nor an employment benefit of one's job. Similarly, in *Tyler v. Ispat Inland, Inc.*, 245 F.3d 969, 972-973 (7th Cir. 2001), the Court explained that even the denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary.

Here, Davis explains in his Supplemental Declaration that requests for unpaid leave were addressed on a case-by-case basis and decisions made depending on staffing needs and how busy the

3788280v1

facility was at the time the request was made (Supp. Declaration of Phil Davis at ¶ 7.) Thus, Plaintiff had no entitlement to take unpaid time off after her vacation request was denied. Plaintiff lost no money as a result of her inability to take unpaid leave – she was merely upset that she was not allowed to take time off for a medical procedure. As the *Williams* Court explained: "While not being permitted to take dock time would have made Williams' job less pleasant, 'not everything that makes an employee unhappy is [an] adverse employment action.'" *Id.*

Because the denial of unpaid leave is not an adverse employment action, it matters not that Plaintiff claims other employees who did not complain about discrimination were allowed to take time off without pay. Yet even if the Court considers this claim, it is a non-starter because Plaintiff never asked for such time off and thus was not treated differently.

C.  **Further discovery is appropriate on certain remaining issues in light of Plaintiff's most recent affidavit.**

Plaintiff has no evidence that any other member of the Union at the Haverhill facility was allowed to take vacation (paid time off as opposed to unpaid time off) during their first year of employment. There is no need for further discovery on this point, however, because the Company has already so stated in the Declaration of Phil Davis submitted with its original moving papers.

In her Objection and the accompanying Affidavit, Plaintiff makes a number of allegations that contradict her prior deposition and affidavit testimony about the conduct of the alleged harasser after she complained on April 30, 2003. Accordingly, Defendants agree that further discovery is required as to Plaintiff's constructive discharge claim and as to the question of whether Defendants' response was sufficient.

## II.  CONCLUSION

As established above, Plaintiff was not entitled to take vacation before her one-year anniversary. This limitation is imposed on all employees who belong to the Union. The Stericycle Employee Handbook did not apply here. The availability of economic rights and benefits was

3788280v1

governed by the Collective Bargaining Agreement. A unionized employee's right to take vacation was depending on the Agreement and no supervisor could change that and create an entitlement that does not otherwise exist. As such, Plaintiff is essentially asking this Court to find that Defendants' failure to offer Plaintiff unpaid leave when she neither asked for it nor bothered to complete a Time Off Request Form amounts to an adverse employment action. There is no legal support for such a finding. Accordingly, this Court should grant Defendant's motion for partial summary judgment and dismiss Counts III and IV with prejudice.

        Respectfully submitted,

        Stericycle, Inc. and
        Scherer Healthcare, Inc. d/b/a Bio Systems,

        By Their Attorneys,

        /s/ Lisa Gaulin
        Thomas E. Shirley (BBO # 542777)
        Lisa M. Gaulin (BBO # 654655)
        Choate, Hall & Stewart
        Exchange Place
        53 State Street
        Boston, MA 02109-2804
        Telephone: (617) 248-5000
        Facsimile: (617) 248-4000

        Steven L. Hamann (admitted *pro hac vice*)
        Aaron R. Gelb (admitted *pro hac vice*)
        Vedder, Price, Kaufman & Kammholz, P.C.
        222 North LaSalle Street
        Suite 2600
        Chicago, IL 60601-1003
        Telephone: (312) 609-7500
        Facsimile: (312) 609-5005

Dated: January 11, 2005