UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUDY (KINNEY) MARTIN<br>    Plaintiff<br><br>vs.<br><br>STERICYCLE, INC. AND<br>SCHERER HEALTHCARE, INC.<br>d/b/a BIOSYSTEMS<br>    Defendants | DOCKET NO:<br>1:04-cv-12027-NMG |

## MOTION FOR PROTECTIVE ORDER WITH RESPECT TO FURTHER DEPOSITION OF PLAINTIFF

NOW COMES the Plaintiff, Judy (Kinney) Martin, are moves for a protective order with respect to persons present at her further deposition, as set forth with more particulars below, for the following reasons:

1. Plaintiff is under medical care, including medication and counseling, for post-traumatic stress disorder, anxiety and depression related to the events that are the subject of this action.

2. Plaintiff was deposed for six hours during the proceedings before the Massachusetts Commission Against Discrimination that preceded this action. Present at the deposition were the undersigned counsel for the plaintiff, attorney Steven L. Hamann representing the defendants, and, as additional representatives of the defendants, Marlynn Cohen and Rick Salmonsen. Cohen is Area Vice

1

President for Human Resources of defendant Stericyle, Inc. Salmonsen is a manager for defendant Scherer. Both Cohen and Salmonsen were involved in interviewing plaintiff and managing the aftermath of her sexual harassment complaints.

3. During plaintiff's deposition in the MCAD proceedings, the deposition had to be interrupted several times because plaintiff broke down, wept, and was unable to continue. On one occasion, she was also hyperventilating to the point that the undersigned counsel was concerned that the deposition might have to be suspended to seek medical intervention. See attached excerpts of plaintiff's deposition, pp. 34, 75, 98-99, 136, 202, 246. While the record does not reflect the reason for each of the breaks, several of them, particularly the one at pp. 98-99, were caused by plaintiff's emotional inability to continue. *See* affidavit of Richard B. Couser attached hereto.

4. As set forth more particularly in the affidavit of Fran Eisenman attached hereto, plaintiff is emotionally fragile, suffers from post traumatic stress disorder, and perceives herself as threatened when confronted with multiple representatives of the defendants. Her counselor reported before the deposition that she had "fears and panic re: need to testify in deposition hearing with members of former employer company present . . ." at their meeting on June 4, before the deposition on June 9, 2004. Her next two sessions, on June 11 and 24, report her further fears and feelings related to the deposition including stress, inability to put away

thoughts of her trauma due to recent testimony, increase in flashbacks, nightmares, and panicky feelings and panic attacks. *See* affidavit of Fran Eisenman and attachments thereto (attached hereto).

5. It is in the best interest of plaintiff's health that a further deposition be taken only under the protective conditions set forth herein, namely that defendants be represented at the deposition in person by counsel doing the questioning and by a representative of defendants *other than* the individuals with whom she interfaced during her employment by defendants, and that plaintiff be permitted to have her counselor present. *See* Eisenman affidavit.

6. FRCP 26(c) authorizes the Court to enter a Protective Order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

************************************************************************
    (5)    that discovery be conducted with no one present except persons designated by the court;"

7. The protective order sought by the plaintiff in this matter is within the specific scope of FRCP 26(c)(5). *See, e.g., In re Shell Oil Refinery*, 136 F.R.D. 615, 616 (E.D.La. 1991) (appropriate to exclude particular representatives of defendant corporation where such representatives had intimidating influence on deponent's ability to testify fully); 6 *Moore's Federal Practice*, §26.05[6] (Matthew Bender 3d ed.) ("The courts have restricted who may be present [at a deposition] when the

deponent is likely to be intimidated by the opposing party or anxious or fearful about the deposition process."), *citing Bucher v. Richardson Hosp. Auth.,* 106 F.R.D. 88, 95 (N.D.Tex. 1994) (excluding defendant in sexual abuse case from deposition of minor victim).

8. Defendants, who have already deposed plaintiff for six hours with two representatives of defendants other than counsel present, will not be prejudiced by the order sought. The order does not seek to eliminate the ability of defendants to have a corporate representative at the deposition. It merely seeks to have those individuals whose presence might cause the plaintiff particular stress removed from the list of potential corporate representatives to be present during the taking of the deposition.

9. Plaintiff sought the concurrence of defendants in this motion; the defendants do not concur in the relief sought.

10. The undersigned counsel certifies that they conferred with counsel for the defendants and has attempted in good faith to resolve or narrow the issue.

WHEREFORE plaintiff moves that the Honorable Court issue a protective order pursuant to FRCP 26(c)(5) that:

A. Defendants be represented at the deposition of plaintiff only by counsel and by a corporate representative other than those individuals with whom plaintiff interfaced during her employment;

B. Her counselor be allowed to be present at her deposition; and

C. Grant such other and further relief as may be just and equitable.

                    Respectfully submitted,

                    JUDY (KINNEY) MARTIN
                    By Her Attorneys:
                    D'Amante Couser Steiner Pellerin, P.A.

Dated: 01/12/05                /s/ Richard B. Couser
                    Richard B. Couser (BBO: 645543)
                    D'Amante Couser Steiner Pellerin, PA
                    Nine Triangle Park Drive
                    P.O. Box 2650
                    Concord, NH 03302-2650
                    (603)-224-6777