IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY (KINNEY) MARTIN,<br><br>           Plaintiff,<br><br>v.<br><br>STERICYCLE, INC. and SCHERER<br>HEALTHCARE, INC. d/b/a BIOSYSTEMS,<br><br>           Defendants. | No. 1:04-cv-12027-NMG |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendants, STERICYCLE, INC. and SCHERER HEALTHCARE, INC. d/b/a BIOSYSTEMS, by their attorneys, respond to Plaintiff's Motion for Protective Order as follows:

1. Plaintiff Judy (Kinney) Martin has asked this Court to bar the Human Resources Area VP (Marlynn Cohen) and the General Manager (Rick Salmonsen) who investigated her sexual harassment complaint from her upcoming deposition. While this deposition has not yet been scheduled, Plaintiff contends that the presence of these two individuals will aggravate the various medical maladies she attributes to the alleged harassment. She also seeks to have her therapist present during the deposition to provide "moral support" and "emotional reassurance." Plaintiff, however, fails to provide a compelling reason why the requested relief should be granted.

2. Parties may only be excluded from pretrial depositions under the "most compelling of circumstances." *Visor v. Sprint/United Mgmt. Co.*, 1997 U.S. Dist. LEXIS 14086, *8 (D. Colo. Aug. 15, 1997). The *Visor* court noted that "[a]ssertions that do not directly establish an imminent need to protect the deponent, or 'boilerplate good cause facts which will

3793026v1

exist in most civil litigation' will not support exclusion. *Id.* at *6 (*quoting BCI Communication Sys., Inc. v. Bell Atlanticom Sys.*, 112 F.R.D. 154, 160 (N.D. Ala. 1986).

3. Here, Plaintiff makes a general conclusory statement that excluding individuals with whom she interfaced during her employment is in the "best interest" of her health because such individuals cause her stress. Beyond stating that she may cry and hyperventilate, Plaintiff fails to explain how the presence of certain representatives of Defendants will negatively impact upon her health. Instead, she merely alleges that their presence will cause her "particular stress."

4. Significantly, Plaintiff does not submit supporting documentation from any medical doctor, psychiatrist or psychologist. Instead, she merely provides the Court with a one-page letter from her therapist, Fran Eisner, a licensed social worker, to her attorney, Richard Couser.[1] In this letter, Eisner makes a number of broad conclusions and generalizations regarding her observations of "a high level of anxiety" and "fearfulness" in Plaintiff. Eisner fails to provide any further clinical basis showing "good cause" why Defendants' representatives should be excluded from Plaintiff's deposition. The absence of a clinical basis for Eisner's recommendation is demonstrated by her suggestion that she be present at the deposition to lend Plaintiff "moral support" and "emotional reassurance."

5. Plaintiff's inability to supply a medical basis for the requested relief is dispositive. In *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D. N.C. 1987), the court noted that the letter from the plaintiff's psychologist broadly stated only that "plaintiff has been showing progressive deterioration in her mental state and is anxious and disorganized" and that "plaintiff could not be deposed without presenting a risk of further deterioration and perhaps hospitalization. Finding that the letter failed to provide any specific examples of psychological injuries the deposition process would cause, the court refused to grant the requested relief.

---

[1] Eisner's letter to Attorney Couser is notarized and, apparently, Plaintiff seeks to use it as an affidavit.

6.  Because Plaintiff relies on merely conclusory statements and has failed to identify a specific medical basis for the requested relief, she has not satisfied her burden by demonstrating good cause for a protective order. *See, Hines v. Wilkinson*, 163 F.R.D. 262, 267 (S.D. Ohio 1995) (particular and individualized showing of good cause must be demonstrated to exclude a party from a deposition).

7.  Plaintiff Martin cites two cases in support of her Motion for Protective Order that are readily distinguishable.

8.  *In re Shell Oil Refinery*, 136 F.R.D. 615 (E.D. La. 1991), involved the deposition of the lone survivor of an explosion in one department at a Shell Oil refinery. The plaintiff-deponent had returned to work but his injuries precluded him from resuming his regular duties. The Company insisted that a specific supervisor with knowledge of the plaintiff's job duties be present for the deposition. While this supervisor did not have unique knowledge of the plaintiff's activities and was not plaintiff's direct manager, it was undisputed that he possessed the ability to negatively impact the plaintiff's continuing employment with Shell. The court granted the protective order after finding that the plaintiff showed "good cause" because the presence of this supervisor – and the attendant concerns about retaliation – could prevent him from testifying as fully as possible. Here, there is no such concern because Plaintiff no longer works for Defendants. And while Plaintiff claims she fears not recalling all the salient details because she is anxious, she offers no medical basis for this claim. The supporting letter from Plaintiff Martin's therapist only broadly states that Plaintiff suffers from Post Traumatic Stress Disorder and is anxious.

9.  A brief recitation of the facts presented in *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88 (N.D. Tex. 1994), demonstrates why it is inapposite here. The case was brought by the mother of a girl who claimed that one of the defendant hospital's employees sexually abused

her. Seeking to bar the deposition of her daughter – a minor, Ms. Bucher presented testimony from her daughter's treating psychologist and a psychiatrist that her daughter suffered from Post Traumatic Stress Disorder and had both a learning disability and a limited capacity to recall concrete events. These experts further testified that the victim could become "more depressed and possibly suicidal" if forced to undergo a deposition. The court nonetheless ordered that the deposition proceed but to "balance the competing interests of allowing discovery and protecting parties and deponents from undue burdens," the court allowed both the plaintiff's therapist and mother to be present during the deposition, and excluded the accused sexual offender from the deposition site.

10. Here, Plaintiff does not ask the Court to bar the alleged harasser from her deposition. Instead, she asks that the Court exclude the two individuals who investigated her complaint and spoke with her on numerous occasions about the response to her complaints and whether more should be done. Without the specific, concrete potential for harm identified in *Bucher*, the Court should not deprive Defendants of having present those representatives who can best assist counsel in questioning Plaintiff about the events that give rise to this lawsuit. Nor has Plaintiff supplied good cause to allow her therapist to be present as "moral support" and "emotional encouragement" fall far short of the quantum of proof required.

WHEREFORE, Defendants request this Honorable Court to deny Plaintiff's Motion for Protective Order.

          Respectfully submitted,

          Stericycle, Inc. and
          Scherer Healthcare, Inc. d/b/a Bio Systems,

          By Their Attorneys,


          /s/ Lisa M. Gaulin
          Thomas E. Shirley (BBO # 542777)
          Lisa M. Gaulin (BBO # 654655)
          Choate, Hall & Stewart
          Exchange Place
          53 State Street
          Boston, MA 02109-2804
          Telephone: (617) 248-5000
          Facsimile: (617) 248-4000

          Steven L. Hamann (admitted *pro hac vice*)
          Aaron R. Gelb (admitted *pro hac vice*)
          Vedder, Price, Kaufman & Kammholz, P.C.
          222 North LaSalle Street
          Suite 2600
          Chicago, IL 60601-1003
          Telephone: (312) 609-7500
          Facsimile: (312) 609-5005

Dated: January 26, 2005