```
                    United States District Court
                      District of Massachusetts
_____
                              )
JUDY (KINNY) MARTIN,          )
                              )
          Plaintiff,          )
                              )   Civil Action No.
          v.                  )   04-12027-NMG
                              )
STERICYCLE, INC. and SCHERER  )
HEALTHCARE, INC. d/b/a        )
BIOSYSTEMS,                   )
                              )
          Defendants.         )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The present case arises from an allegation of sexual harassment by plaintiff, Judy (Kinny) Martin ("Martin"), against Stericycle, Inc. and Scherer Healthcare, Inc., d/b/a Biosystems. Martin now moves for a protective order which would impose certain restrictions upon the taking of her deposition by defendants. In particular, Martin seeks to require that "[d]efendants be represented at the deposition only by counsel and by a corporate representative other than those individuals with whom plaintiff interfaced during her employment" and that her therapist be present at the deposition.

Martin states that she suffers from post traumatic stress disorder, anxiety and depression. She further asserts that, during a previous deposition relating to a proceeding before the

-1-

Massachusetts Commission Against Discrimination, she "broke down, wept, and was unable to continue" on several occasions. As a result, plaintiff states that it would be in her "best interest" to be deposed with the above restrictions in place.

Pursuant to Fed.R.Civ.P. 26(c)(5), courts are empowered to place restrictions upon who may attend a deposition. Such relief is available, however, only upon a showing of good cause by the proponent. New York v. Microsoft Corp., 206 F.R.D. 19, 22 (D.D.C. 2002). Such good cause should, however, "be [found] rarely and only in extraordinary circumstances." Lee v. Denver Sheriff's Dept., 181 F.R.D. 651, 653 (D.Colo. 1998).

In this case, such cause is lacking. Although the plaintiff states that a protective order would be in her "best interest", she fails to identify what medical or psychological harm she is in danger of suffering. She also offers no medical evidence in support of her claimed illness (e.g. an affidavit of a medical doctor). The Court has no doubt as to the sincerity of her displeasure at the thought of being confronted by the defendants but, absent a very compelling reason to the contrary, she, like all plaintiffs, has the obligation to undergo such a confrontation.

Moreover, even if she had offered some evidence of a legitimate threat to her mental health, the Court's conclusion would remain unchanged because the people she seeks to exclude

from her deposition are necessary for a meaningful examination (i.e. those familiar with her claim).  If the plaintiff's statements about her mental illness are later substantiated, she may be unavailable to testify at trial and may, instead, seek to offer her deposition in her case-in-chief.  <u>See</u> Fed.R.Evid. 804 (permitting a deposition to be offered at trial in lieu of live testimony if the witness has a mental illness).  It would be unfair and potentially prejudicial to defendants to deprive them of the opportunity to participate in a thorough and meaningful examination of the plaintiff.  Accordingly, plaintiff's Motion for a Protective Order (Docket No. 22) is **DENIED**.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated March 30, 2005