## SUPPLMENTAL DECLARATION OF PHIL DAVIS

I, Phil Davis, declare under penalty of perjury under the laws of the United States and the State of Massachusetts as follows:

1. I was formerly employed by BioSystems as a Facility Manager in Haverhill, Massachusetts.

2. My employment with BioSystems ended on August 6, 2003.

3. I have reviewed Plaintiff's Objection to Defendants' Motion for Partial Summary Judgment.

4. In her Objection, Plaintiff states that Mr. D'Agata, her immediate supervisor, told her that she could have the vacation time she sought. In June 2003, Plaintiff had been employed by the Company for less than eight months and thus not entitled to take vacation under the Collective Bargaining Agreement that applied to her as a member of the union. Mr. D'Agata, as Operation Coordinator, did not have the ability or authority to allow an employee to take vacation if they were not entitled to take vacation under the Agreement. Mr. D'Agata could only approve vacation requests from employees who had been employed for more than one year and were thus entitled to take vacation.

5. I also note that Plaintiff maintains that the Stericycle employee handbook grants the right to take vacation within an employee's first year of employment. This is not correct. During the time Plaintiff was employed at Haverhill, the Stericycle employee handbook did not set the economic terms of employment for Haverhill employees in the union. The Collective Bargaining Agreement set the economic

terms of employment for these employees, including their entitlement to vacation.

6. All vacation time is paid. At all times that Plaintiff was employed at Haverhill, no employee who was a member of the Union was entitled to or allowed to take vacation before their one-year anniversary date. In other words, employees in the union were not entitled to take vacation time during their first year.

7. A Haverhill employee could request unpaid time off – such as a personal day – during their first year of employment. Union employees were not entitled to take unpaid time off under the Agreement – any such time off was wholly up to the Company's discretion. Each request for unpaid time off was dealt with on a case-by-case basis and would be granted or denied based on staffing needs and how busy the facility was at that time.

8. I never allowed an employee at the Haverhill facility to take vacation time prior to their one year anniversary with the Company. Nor am I aware of any other manager who approved such a request between 1998 and August 6, 2003.

9. During the time that Plaintiff was employed at Haverhill, we utilized an Employee Time Off Request Form. This Form was used to request vacation time as well as unpaid time off.

10. Upon a review of Plaintiff's personnel records, which were maintained in the ordinary course of business, I observed that Plaintiff completed such a form requesting that she be allowed to take a personal day on May 30, 2003 and return to work on June 2, 2003. This request was approved by Mr. D'Agata.

11. Plaintiff did not complete such a Form to request additional unpaid leave for any other dates in June 2003 and never asked me for unpaid leave.

Declarant says nothing further.

January 7, 2005

_____
Phil Davis